Thacher, J.
The first error assigned respects the oath which was administered to the jury. The law has, with great precision, prescribed the oath which is to be taken. The oath administered ought undoubtedly to be the same, or of the same import with that prescribed by the statute. The oath which is certified to have been administered in this case, is not the same, but essentially different; it does not import the same ideas, obligations, and duties. To the sufficiency of a certificate it is necessary that it should follow the words of the statute, or state generally, that the jury were sworn according to law; but when it appears from the certificate itself that the oath was not administered in manner prescribed by law, I am bound to say it is erroneous. And although it is with reluctance I say it in the present case, yet my duty is to declare that for this cause I think the judgment complained of cannot be supported. As to the other errors assigned, were it necessary to express an opinion, I think none of them is sufficient to reverse the judgment.
Sewall, J.
The act appointing this extraordinary mode of process, requires that “ the jury,” elected by the sheriff to inquire of the damages occasioned by any flowing of land, “ shall be sworn to make a true and faithful appraisement of the yearly damages done to the complainant by so flowing his lands, and how far the same may be necessary,” The oath now .certified to have [ * 429 ] * been administered to and taken by the jury appointed in this case is essentially different. If variances, to the extent which appears in the present case, should be allowed, I cannot, for myself, discern where we should stop, or by what means the law, in this particular, can be enforced. An adherence to the prescribed forms, or substantially to the terms, of such oaths as the legislature directs in cases of this nature, for the qualification of those, who, under this sanction, are to exercise an authority over the property of their fellow-citizens, is necessary and important as a *321 general rule. I may add, as an observation suggested to me by the circumstances of this case, that the terms of the oath administered are not always to be considered as a mere formality, because they may often operate, as in this case they have apparently done, to direct the jury in their proceedings. The jury, in this case, employed themselves in a latitude of inquiry not warranted by the order of the Court, or by the commission under which they acted, but seemingly suggested by the oath which was administered to them. And accordingly they have considered and determined a question not submitted to them—a question exclusively in the cognizance of the Court, and which had there been determined, namely, whether the respondent, the now plaintiff in error, had been guilty of flowing, and to what extent, upon the. complainant’s lands.
For this error, namely, that the jury appointed in this case had not been sworn as the law requires, if for no other, I am of the opinion that the judgment in this case must.be reversed; though it is with reluctance that the Court defeat these expensive proceedings, upon objections, probably, not involving the real justice of the case.
Sedgwick, J.
In this case, four errors are assigned. ■ I shall take notice only of the first, because I have no doubt that that is fatal. It is, in * substance, that the juiy appointed in [ * 430 ] pursuance of the interlocutory judgment were not sworn according to law; and it might have been added, justly, that although the jury performed the service according to the oath which they did take, yet that they omitted an important part of the duty which was to have been performed according to that which they ought to have taken. It may be observed that the sacred rights of private property are never to be invaded but for obvious and important purposes of public utility. Such are all things necessary to the upholding of mills. Hence the legislature have authorized mill owners to invade the property of their neighbors, even real proper ty, which by our laws seems to be regarded as the most inviolable, so as to render it wholly useless, by overflowing it with water, whenever the same shall be necessary to the beneficial occupation of the mills. This invasion of private property is authorized only by statute, and in no case but from necessity for the attainment of the objects intended. Hence the jury who are to decide on the respective rights of the parties are to swear 11 that they will make a true and faithful appraisement of the yearly damages done to the complainant by so flowing his lands, and how far the same may be necessary.” Before the mill-owner, against the will or without the consent of the owner of the land, shall become his tenant, at an annual rent, the necessity of flowing must be determined by the jury *322 In this case, the jury were sworn “ carefully to view the premises, and to render a true and just verdict according to law and evidence, without favor or partiality, according to their best judgment.” Hence it is obvious that the jury were not called upon to consider whether it was at all necessary that the land of the defendant should be flowed. It seems, indeed, strange that the plaintiff" in error should complain of this ; and therefore I hate bern [ * 431 ] * anxious, if possible, to support the judgment; but 1 dare not permit a precedent of such laxity. If we may depart, in the imposition of oaths, from the form and substance o! them,—and in this case the departure was substantial,—the rights of parties may be controlled in a manner never contemplated by the legislature. In this case, the jury neither undertook nor performed a very material part of their duty; and I think it would be unsafe in the extreme to support a judgment rendered on a verdict found under these circumstances.

Judgment reversed.